UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EDDIE THOMAS,

                Plaintiff,

   v.                               9:05-CV-1279 (LEK)(RFT)

C.O. ANDERSON; C.O. GREY,

                Defendants.

APPEARANCES:

EDDIE THOMAS
Plaintiff, *pro se*

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE

## **DECISION AND ORDER**

### I. Background

The Clerk has sent to the Court a civil rights complaint, together with an application to proceed *in forma pauperis,* filed by Plaintiff Eddie Thomas ("Plaintiff"). Plaintiff, who is presently incarcerated at Mohawk Correctional Facility, has also filed a motion for the appointment of counsel.

### II. Discussion

Where a plaintiff seeks leave to proceed *in forma pauperis,* the court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the $250.00 filing fee. The court must also consider whether the causes of action stated in the complaint are, *inter alia*, frivolous or malicious, or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b)(1).

### A. Economic Need

In this case, Plaintiff has demonstrated economic need and has filed the inmate authorization form required in this District. Accordingly, plaintiff properly commenced this action without prepayment of the filing fee.

### B. Sufficiency of the Complaint

Turning to the second inquiry, 28 U.S.C. § 1915(e), as amended, directs that the Court:

> (2)   [S]hall dismiss the case at any time if the court determines that -
>
>   ...
>
>   (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Thus, there is a responsibility on the Court to determine that a complaint may be properly maintained in the District before it may permit a plaintiff to proceed with an action *in forma pauperis*. Id.; see also 28 U.S.C. § 1915A(b)(1).

According to the Complaint, Plaintiff suffered a cut to his head on September 8, 2005, while working on an outside work detail at Watertown Correctional Facility. Plaintiff claims that the Defendants, correctional officers assigned to the work detail, used vulgar language during this incident and failed to provide him with prompt medical care. Complaint (Dkt. No. 1) at 2. Plaintiff also claims that he was improperly disciplined for using vulgar language during the incident. Id. at 2-3. For a complete statement of Plaintiff's claims, reference is made to the Complaint.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by

2

the Constitution and laws' of the United States." German v. Fed. Home Loan Mortgage Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted).

As to Plaintiff's claims that the Defendants were verbally abusive to him, the Court notes that "Section 1983 does not provide a remedy for every common law tort, and a civil rights suit is not designed to rectify harassment or verbal abuse." Alnutt v. Cleary, 913 F. Supp. 160, 165-66 (W.D.N.Y. 1996) (citations omitted).  Mere allegations of verbal abuse or harassment do not rise to the level of a constitutional violation, and are not cognizable under § 1983.  See Moncrieffe v. Witbeck, No. 97-CV-253, 2000 WL 949457, at *3 (N.D.N.Y. June 29, 2000) (Mordue, D.J.).  It is well settled that words alone, however violent and "no matter how inappropriate, unprofessional, or reprehensible..., do[ ] not rise to the level of an Eighth Amendment violation." Carpio v. Walker, No. Civ.A 95CV1502, 1997 WL 642543, at *6 (N.D.N.Y. Oct. 15, 1999) (Pooler, D.J.; DiBianco, M.J.) (citations omitted).

Accordingly, the allegations of Plaintiff's Complaint regarding the defendants' use of vulgar language does not state a claim upon which relief may be granted pursuant to § 1983, and thus the claim is dismissed.

Similarly, in order to establish an Eighth Amendment claim for cruel and unusual punishment arising out of inadequate medical care, a prisoner must prove "deliberate indifference to [his] serious medical needs" constituting the "unnecessary and wanton infliction of pain... proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation omitted).  See Hayes v. New York City Dept. of Corr., 84 F.3d 614, 620 (2d Cir. 1996) ("to state a cognizable section 1983 claim, the prisoner must

allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice"); Wreight v. Barnes, No. 96-CV-0675 (RSP) (DRH), 1996 WL 363805, at *1 (N.D.N.Y. June 28, 1996) (Pooler, D.J.) (negligence is not actionable or cognizable under § 1983) (citations omitted).

Because the actions complained of by the plaintiff are not alleged to constitute deliberate indifference to his serious medical needs on the part of the defendants, this claim must also be dismissed.

Plaintiff also appears to claim that he was improperly disciplined by the defendants in connection with this incident.  However, because Plaintiff has not provided the Court with any information regarding the disposition of the disciplinary charges, including any appeal of the hearing determination, the Court cannot determine the sufficiency of this claim.

### C. Opportunity to File an Amended Complaint

Plaintiff's Complaint, as drafted, fails to state a claim against the named Defendants upon which relief may be granted by this Court, and is hereby dismissed. In light of Plaintiff's *pro se* status, he is afforded the opportunity to file an Amended Complaint **within thirty (30) days** of the filing date of this Order if he wishes to proceed with this action.  Any Amended Complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must clearly allege claims against the named Defendants over which this Court has jurisdiction.  Plaintiff is cautioned that no portion of his original prior Complaint shall be incorporated into the Amended

4

Complaint by reference. Plaintiff shall file an Amended Complaint which is a complete pleading.

Plaintiff is advised that unless he files an Amended Complaint in accordance with the terms of this Order, **within thirty (30) days** of the date of the filing of this Order, this matter will be dismissed.

### D. Motion for Counsel

In Terminate Control Corp. v. Horowitz, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling on a motion seeking the appointment of *pro bono* counsel. In deciding whether to appoint counsel, the court "should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider" a number of other factors in making its determination. Terminate Control Corp., 28 F.3d at 1341 (citing and quoting Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986)).

Herein, the Court has found that Plaintiff's Complaint must be dismissed and that an amended pleading must be filed in order for this action to proceed. Since Plaintiff has failed to establish that his claim is likely to be of substance, the Court denies Plaintiff's motion for appointment of counsel without prejudice. After the Amended Complaint has been submitted to the Court and approved for filing, and the Defendants have responded thereto, Plaintiff may choose to file a new motion for appointment of counsel, at which time the Court might be better able to determine whether such appointment is warranted in this lawsuit.

### III. Conclusion

Accordingly, it is hereby

**ORDERED**, that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**[1]; and it is further

**ORDERED**, that should Plaintiff claim that this Court has jurisdiction of his claims, he may file an Amended Complaint **within thirty (30) days** of the filing date of this Order, which alleges specific facts demonstrating that a case or controversy exists between the Plaintiff and the Defendants, which Plaintiff has a legal right to pursue and over which this Court has jurisdiction; and it is further

**ORDERED**, that if Plaintiff fails to timely file the required Amended Complaint, the Clerk shall enter judgment dismissing this action without further Order of this Court; and it is further

**ORDERED**, that upon Plaintiff's compliance with the terms of this Order, the Clerk forward the file in this matter to the Court for further review; and it is further

**ORDERED**, that Plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED**, that the Clerk provide the superintendent of the facility, designated by Plaintiff as his current location, with a copy of Plaintiff's inmate authorization form, and notify the official that this action has been filed and that Plaintiff is required to pay the entire statutory filing fee of $250.00 pursuant to 28 U.S.C. § 1915; and it is further

---

[1] Plaintiff should note that although his application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**ORDERED**, that the Clerk provide a copy of Plaintiff's inmate authorization form to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED**, that in view of this Court's findings on the insufficiency and/or deficiency of the Complaint herein, Plaintiff is directed *not* to file any other motion until the Amended Complaint is submitted to the Court and approved for filing; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties by regular mail.

**IT IS SO ORDERED**.

DATED:   January 17, 2006
         Albany, New York

Lawrence E. Kahn
U.S. District Judge